DENNIS *v.* DENNIS.

DIVORCE—RECORD—EQUAL FAULT OF EACH PARTY.
Record in suit for divorce *held*, to require denial of decree to
either party where they were equally guilty of misconduct.

Appeal from Monroe; Golden (Clayton C.), J.
Submitted October 11, 1935. (Docket No. 59, Calendar No. 38,585.) Decided November 12, 1935.

Bill by Grace A. Dennis against Waldo E. Dennis
for divorce. Cross-bill by defendant against plaintiff for divorce. Decree for plaintiff. Defendant
appeals. Reversed, and bill and cross-bill dismissed.

*George S. Wright,* for plaintiff.

*Bourns & Helme,* for defendant.

FEAD, J. Defendant appeals from a decree of
divorce, particularly as to custody of children.

The parties were married in 1921, and have two
sons, 12 and 8 years old respectively. Defendant
conducts a milk route at Adrian.

Until 1934 no serious difficulty arose, although
plaintiff claims defendant was jealous and nagged
her into a state of nervous disability which crippled
her and required an operation; and defendant claims
plaintiff showed too much preference for other men
when they were out in company together and would
rather work in stores than keep house.

In February, 1934, at plaintiff's request, they
opened a restaurant in Dundee, in which was sold

beer. Defendant continued his milk route but went to Dundee frequently and worked in the restaurant. While they had a slot machine they made good profits. Afterwards the profits practically disappeared. The cause of their trouble appears to have been defendant's objections to plaintiff smoking and drinking with men in the restaurant. This caused a quarrel in which it appears that each used some physical arguments, and thereafter their relations were greatly strained.

After hearing the testimony, the court found that the parties had magnified their complaints and that the only thing which could justify divorce was that both said they could not get along together. However, he stated he would have the probation officer investigate.

There is no report of the probation officer in evidence. Nor does it appear that the report, if made, was brought to the attention of the parties and an opportunity given them to impeach it. The case must be decided upon the record.

We agree with the circuit court that neither party has made out a case, that each has been guilty of such conduct, equally with the other, as under the frequent rulings of this court would deny a decree to either.

Decree reversed, and bill and cross-bill dismissed.

POTTER, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.